UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Christopher Pillow,

    Petitioner,

v.                                     Case No. 19-12432

Dewayne Burton,                  Sean F. Cox
                                              United States District Court Judge

    Respondent.

_____/

## ORDER DENYING
## MOTION TO DISQUALIFY JUDGE

Petitioner Christopher initiated this civil action on August 16, 2019, by filing a Petition for Habeas Corpus, under 28 U.S.C. § 2254. Petitioner's underlying criminal conviction resulted from a guilty plea in Wayne County Circuit Court, in Detroit, Michigan.

The matter is currently before the Court on Petitioner's Motion for Disqualification, filed on August 30, 2019. (ECF No. 2). That motion asks the Court to disqualify itself from this case because the Court's brother was Attorney General for the State of Michigan during the time of his prosecution in the underlying criminal case. For the reasons that follow, the Court shall DENY the motion.

Petitioner's motion asks this Court to disqualify itself from hearing this case pursuant to 28 U.S.C. § 455(a), which provides that a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The statute requires a judge to recuse 'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *Ragozzine v. Youngstown State Univ.*, 783 F.3d 1077, 1079

(6th Cir. 2015) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). This standard is objective and is not based on the subjective view of a party. *Blackmon v. Eaton Corp.*, 587 F. A'ppx 925, 933 (6th Cir. 2014).

The undersigned's brother, Michael Cox, was the Attorney General for the State of Michigan from January 1, 2003, to January 1, 2011. But there is no indication in Petitioner's motion that Michael Cox had any personal involvement with respect to the underlying criminal case at issue here.

Having considered Petitioner's motion, the Court concludes that there is no basis for this Court to recuse itself in this case. The Court does not believe that its impartiality might reasonably be questioned because of the Court's brother having been the Attorney General for the State of Michigan during the time of his criminal prosecution in Wayne County Circuit Court.

A reasonable, objective person, knowing all of the circumstances, would not question this Court's impartiality in this case. And the undersigned is mindful that the Sixth Circuit has cautioned that "[t]here is as much an obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. University of Michigan Bd. of Regents*, 853 F.2d 1351,1356 (6th Cir. 1988).

Accordingly, IT IS ORDERED that Petitioner's Motion to Disqualification is DENIED.

IT IS SO ORDERED.

                                                s/Sean F. Cox  
                                                Sean F. Cox  
                                                United States District Judge

Dated: September 12, 2019