UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHRISTOPHER LEE PILLOW,

> Petitioner,

>> CASE NO. 2:19-CV-12432
v.                                          HONORABLE SEAN F. COX

DEWAYNE BURTON,

> Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE HABEAS
PETITION, DENYING WITHOUT PREJUDICE THE PENDING SUMMARY
JUDGMENT MOTIONS, AND DENYING A CERTIFICATE OF APPEALABILITY**

## I.      Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Christopher

Lee Pillow ("Petitioner") was convicted of second-degree murder pursuant to a guilty plea in the

Wayne County Circuit Court and was sentenced to 25 to 50 years imprisonment in 2006.  In his

habeas petition, filed through counsel, Petitioner raises claims concerning the sufficiency of his plea,

the effectiveness of trial counsel, the knowing and voluntary nature of his plea, and the effectiveness

of appellate counsel.  Petitioner, through counsel, has also filed a motion for summary judgment and

a motion to grant that motion.  For the reasons stated herein, the Court dismisses without prejudice

the habeas petition, denies without prejudice the pending summary judgment motions, and denies

a certificate of appealability.

## II.      Procedural History

Following his conviction and sentencing, Petitioner filed a delayed application for leave to

appeal with the Michigan Court of Appeals, which was denied for lack of merit.  *People v. Pillow*,

No. 275450 (Mich. Ct. App. Feb. 14, 2007).  Petitioner did not pursue an appeal with the Michigan

Supreme Court.[1]

On August 23, 2007, Petitioner filed a motion for relief from judgment with the state trial

court, which was denied on January 18, 2008.  *See* Register of Actions, *People v. Pillow*, No. 05-

008345-02-FC (Wayne Co. Cir. Ct.).  Petitioner did not pursue an appeal of this decision in the

Michigan appellate courts.[2]

Petitioner filed additional motions with the state trial court in June, 2018, as well as a motion

to correct an invalid sentence in August, 2018 and a motion for an evidentiary hearing in March,

2019.  It does not appear that those motions have been resolved.  *Id.*

Petitioner filed his federal habeas petition in August, 2019.

Upon preliminary screening of the case, the Court issued an order for Petitioner to show

cause why his habeas petition should not be dismissed for failure to comply with the one-year statute

of limitations applicable to federal habeas actions.  *See* 28 U.S.C. § 2241(d).  "[D]istrict courts are

permitted ... to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition" as

long as the petitioner receives notice and an opportunity to be heard.  *Day v. McDonough*, 547 U.S.

198, 209-10 (2006).  The Court noted that the habeas petition could also be subject to dismissal

based upon procedural default due to Petitioner's failure to exhaust his claims in the Michigan

appellate courts.  District courts are similarly permitted to consider *sua sponte* the issues of

exhaustion and procedural default.  *See, e.g., Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013);

---

[1]The Court's search of the online database for the Michigan appellate courts and Westlaw reveals no such filing.

[2]The Court's search of the online database for the Michigan appellate courts and Westlaw reveals no such filings.

*Mason v. Brunsman*, 483 F. App'x 122, 129 (6th Cir. 2012) (citing *Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir.2004)); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005).

Petitioner, through counsel, filed an amended response to the show cause order in October, 2019. In that response, Petitioner informs the Court that one of his current, pending motions in the state trial court is a motion for that court to re-issue its 2008 judgment denying his motion for relief from judgment because he was not served with a copy of that decision. It appears that the state trial court served counsel for Petitioner's co-defendant, but may not have served Petitioner, with a copy of its decision.[3] In the pending state proceedings, the prosecution has agreed that a copy of the trial court's 2008 decision was served on counsel for Petitioner's co-defendant and has stated that it is not opposed to a re-issuance of the trial court's 2008 judgment. The trial court has yet to rule on the motion (or the other pending motions).

In his response to the show cause order, Petitioner acknowledges that his habeas petition may be untimely and that his claims are unexhausted, but asserts that it was "impossible" for him to timely seek leave to appeal in the state appellate courts and to timely file his federal habeas petition due to the lack of notice of the state trial court's 2008 decision. Petitioner further asserts that his motion for relief from judgment is still "pending" in the state courts because he was never served with a copy of the trial court's decision, that the lack of notice constitutes a "State impediment" to the filing of his habeas petition, and he was denied his right to notice and an opportunity to be heard due to the lack of notice of the trial court's decision. Petitioner contends that his possible untimeliness and failure to exhaust state court remedies should be excused.

While the timeliness issue has been under consideration by the Court, Petitioner filed a

_____

[3]Petitioner does not indicate how or when he learned of the state trial court's 2008 decision.

motion for summary judgment with this Court concerning the substantive merits of his habeas claims

in December, 2019, as well as a motion to grant that motion as unopposed (despite the fact that

Respondent has not been served in this case) in January, 2020.

## III.    Discussion

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review

of the petition to determine whether "it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court."   Rule 4, Rules

Governing § 2254 Cases; 28 U.S.C. § 2243.   If, after preliminary consideration, the Court

determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.

*Id*., *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out"

petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise

legally frivolous claims, as well as those containing factual allegations that are palpably incredible

or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

Upon such preliminary review, and upon consideration of Petitioner's response to the show

cause order, the Court finds that making a determination on the procedural or substantive merits of

the habeas petition at this time would be imprudent.  As discussed in the Court's show cause order,

Petitioner clearly has a statute of limitations problem, as well as an exhaustion/procedural default

problem, as his case currently stands before this Court.  Significantly, however, he also has pending

motions in the state trial court which concern his current conviction and at least one of those

motions, the motion to re-issue the trial court's 2008 judgment, could affect the Court's ruling as

to the foregoing procedural impediments to Petitioner seeking and/or obtaining federal habeas relief.

For instance, if the state trial court grants Petitioner's motion to re-issue its 2008 judgment,

Petitioner will have an opportunity to exhaust his habeas claims in the state appellate courts and

then, if necessary, seek federal habeas relief after the completion of those remedies. It is well-settled

that a state prisoner seeking habeas relief under 28 U.S.C. §2254 must first exhaust all state

remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state

courts one full fair opportunity to resolve any constitutional issues by invoking one complete round

of the State's established appellate review process"). To satisfy this requirement, a Michigan

prisoner must raise the factual and legal bases for each claim in both the Michigan Court of Appeals

and the Michigan Supreme Court. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th

Cir. 1990). While the exhaustion requirement is not jurisdictional, it is strictly enforced. *Granberry*

*v. Greer*, 481 U.S. 129, 134-35 (1987); *see also Boerckel*, 526 U.S. at 845. To be sure, a habeas

petitioner is only entitled to relief upon showing that the state court adjudication of a claim resulted

in a decision that is contrary to, or involves an unreasonable application of, clearly established

Supreme Court precedent or the facts. *See* 28 U.S.C. § 2254(d).

Additionally, if the state trial court grants Petitioner's motion to re-issue its 2008 judgment,

a federal habeas petition may no longer be untimely. A re-issuance of the judgment would

effectively mean that Petitioner's collateral review proceedings are again pending in the state courts

such that the statute of limitations would be tolled until Petitioner completed that process by

pursuing his appeals in the Michigan Court of Appeals and the Michigan Supreme Court. *See* 28

U.S.C. § 2244(d)(2). He could then return to federal court and seek habeas review, if necessary,

within the time of the one-year period that would remain.

Lastly, if the state trial court grants Petitioner's motion to re-issue its 2008 judgment, one

of the state appellate courts could grant Petitioner relief, thereby mooting the federal questions

presented here. *See, e.g., Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich.

Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983), and *Woods v. Gilmore*, 26 F. Supp.2d 1093, 1095 (C.D. Ill. 1998)); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000).

Conversely, if the state trial court denies Petitioner's motion to re-issue its 2008 judgment, Petitioner will be no worse off at that time than he is today for the purpose of seeking federal habeas relief. He will face the same procedural hurdles, untimeliness and lack of exhaustion resulting in a procedural default, that he currently faces, and which may preclude him from obtaining habeas review and/or relief on his claims. His habeas petition will not become more untimely and his habeas claims will not become more unexhausted/procedurally defaulted while he awaits a ruling from the state court.

Because Petitioner has pending motions in the state trial court which concern his current conviction and affect his ability to seek and/or obtain federal habeas relief, he should complete the state court process before proceeding in federal court. *See, e.g., Carter v. Balcarcel*, No. 3:18-CV-10618, 2018 WL 1586488, *2 (E.D. Mich. April 2, 2018) (dismissing habeas petition without prejudice where state prisoner had a motion for relief from judgment pending in state court); *Gilmore v. Burton*, No. 16-CV-14512, 2017 WL 2062222, *2 (E.D. Mich. May 15, 2017 (stating that "it is inappropriate for the petitioner to challenge the same criminal convictions and sentences in state court and federal court at the same time" and dismissing habeas petition without prejudice where state prisoner had additional claims pending in state court); *Robinson v. Gidley*, No. 2:15-CV-10572, 2015 WL 1120118, *2 (E.D. Mich. March 11, 2015) (citing cases and dismissing habeas petition without prejudice where state prisoner had a pending state habeas action). The state courts should be given the opportunity to rule upon Petitioner's claims before he proceeds in federal court. Given the unique procedural posture of this case, the interests of comity, efficiency, and justice are

best served by a non-prejudicial dismissal of the habeas petition.

## IV.     Conclusion

Accordingly, for the reasons stated, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES WITHOUT PREJUDICE** the pending summary judgment motions.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

       **IT IS SO ORDERED**.


Dated: February 28, 2020                s/ Sean F. Cox
                                          Sean F. Cox
                                          U. S. District Judge